**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TRIPLAY, INC. and<br>TRIPLAY, LTD.<br><br>     Plaintiffs,<br><br><br>  v.<br><br>WHATSAPP, INC.,<br><br>     Defendant. | Civil Action No: _____<br><br><br>  JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs TriPlay, Inc. and TriPlay, Ltd., for their Complaint against WhatsApp, Inc., state and allege as follows:

**NATURE OF THE ACTION**

1. This is a cause of action for patent infringement brought by Plaintiffs TriPlay, Inc. and TriPlay, Ltd. (collectively "TriPlay" or "Plaintiffs") against Defendant WhatsApp, Inc. ("WhatsApp" or "Defendant") for WhatsApp's direct and willful infringement of U.S. Patent No. 8,332,475 ("the '475 patent"). A copy of the '475 patent is attached as Exhibit A to this complaint. TriPlay's factual basis for the allegations of direct infringement are set forth in the claim chart attached as Exhibit B to this complaint.

**THE PARTIES**

2. Plaintiff TriPlay, Inc. is a Delaware corporation having its principal place of business at 902 Broadway, Suite 1901, New York, NY 10010.

*NJ 227799866v2*

3.      Plaintiff TriPlay, Ltd. is an Israeli corporation having its principal place of business at 5 Druyanov Street, Tel Aviv, 63143, Israel.  Plaintiff TriPlay, Ltd. is a wholly-owned subsidiary of Plaintiff TriPlay, Inc.

4.      Defendant WhatsApp is a California Corporation with its principal place of business located at 3561 Homestead Road, #416, Santa Clara, CA 95010.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the patent laws of the United States (35 U.S.C. §§ 1, *et seq.*)

6.      This Court has personal jurisdiction over the Defendant by virtue of its continuous and systematic contacts with Delaware in the normal course of its business.

7.      Venue is proper in this District under 28 U.S.C. §§ 1391 (b), (c), and § 1400 (b).

## FACTUAL ALLEGATIONS

### Development Leading To The '475 Patent

8.      TriPlay, Inc. and its wholly owned subsidiary, TriPlay, Ltd., were formed in November 2004 for the express purpose of creating and developing a device agnostic content delivery technology that would enable users to communicate across devices (mobile or otherwise) regardless of the device manufacturer.

9.      TriPlay recognized in November 2004 that user devices were limited by the fact that device manufacturers had different capabilities, formats and layouts to handle message content (i.e. text, music, video, pictures, etc.).  Accordingly, a mobile device user of one manufacturer's device may be able to take a picture or video but may not be able to

2

communicate some or all of the message content to a mobile device user of a different manufacturer's device.  TriPlay further anticipated that the problem would likely get worse rather than better as more manufactures entered the mobile device market.

10.     With the above problem in mind, TriPlay initiated its efforts to create a web-based content delivery platform to deliver content between devices of different manufacturers irrespective of certain capability, format and layout differences that may exist between the sending and receiving devices.   In short, TriPlay sought to create a device agnostic content delivery system.

11.     TriPlay's research and development was successful in conceiving and reducing to practice systems and methods for a device agnostic content delivery system. TriPlay's inventions resulted in the filing of provisional applications filed in the U.S. on August 22, 2005 and on December 13, 2005, the filing of a PCT application on August 22, 2006, all of which ultimately resulted in the issuance of the '475 patent.

12.     TriPlay, Ltd. is the owner of the '475 patent.  TriPlay, Inc., is the exclusive licensee to the '475 patent as a result of an assignment agreement from TriPlay, Ltd. to TriPlay, Inc., effective as of October 1, 2013.

### TriPlay's Ongoing Efforts Exploiting Its Patented Technology

13.     In or around 2006, TriPlay introduced its initial product based on the patented technology, which was called TriPlay messenger.  The product enabled device users to send text-based messages to other device users without incompatibility issues that would otherwise exist between the sending and receiving devices of different manufacturers.

14.     Between 2007 and 2008, TriPlay expanded its platform to a product called TriPlay Suite, which enabled device users to send messages, photos, videos and music to

other device users without the incompatibility issues that would otherwise exist between the sending and receiving devices of different manufacturers.

15.     In 2009, TriPlay broke up the TriPlay suite into three separate applications that remain the focus of TriPlay's current operations:   TMusic, for sharing music; TBackpack, for sharing photos and videos between devices; and TConnect for messaging that include multi-media messages.  All three of these products implement TriPlay's vision of agnostic delivery of content.

16.     In 2011, TriPlay launched commercial visions of TMusic and TBackpack, which are branded mymusiccloud and mydigipak respectively.

17.     In short, TriPlay is actively exploiting its patented technology and continues to pursue its goal of providing consumers with device agnostic content delivery systems.

### WhatsApp's Willful Infringement Of The '475 Patent

18.     Whatsapp was founded in 2009.

19.     In or about 2009, Whatsapp introduced its own cross-platform messaging product called WhatsApp Messenger.   WhatsApp Messenger provides a device agnostic content delivery system that enables mobile device users of various manufacturers, including iPhone, BlackBerry, Android, Windows Phone and Nokia, to communicate with each other without regard to certain message handling differences between manufacturers with respect to capability, format and/or layout.

20.     On July 26, 2012, WhatsApp filed U.S. Patent Application No. 12/559,558 titled Multimedia Transcoding Method And System For Mobile Devices ("WhatsApp's Patent Application"), which sought to patent a device agnostic messaging system.  Upon information and belief, the WhatsApp Messenger system is a commercial embodiment of the

4

system described in the WhatsApp's Patent Application.  The WhatsApp Patent Application was published on November 22, 2012.

21.     WhatsApp uses, practices, sells and/or offers to sell in the State of Delaware and elsewhere methods and systems that infringe at least claims 1 and 12 of the '475 patent in violation of 35 U.S.C. § 271.  A detailed claim chart showing the factual basis for the allegation of infringement based upon a comparison of the claims to the WhatsApp Messenger system is attached hereto as Exhibit B.  Column I sets forth the claim language, Column II sets forth publically available information regarding the WhatsApp Messenger system including certain testing that was performed, and Column III charts the WhatsApp Patent Application against the claims, based upon information and belief, that the WhatsApp Messenger System is a commercial embodiment of in the system described in the WhatsApp Patent Application.

22.     On April 13, 2013, Shari Buber, Executive Vice President Business Development at Triplay, Ltd. wrote to WhatsApp, Inc. via overnight mail, certified mail and email.  A copy of the letter is attached hereto as Exhibit C.  To the extent WhatsApp was not previously aware of the '475 patent, the letter advised WhatsApp of the issuance of the '475 patent and provided a detailed claim chart showing that the WhatsApp Messanger systems practiced at least Claim 1 of the '475 patent.  The letter offered to discuss licensing opportunities so that WhatsApp could continue selling or offering to sell the WhatsApp Messenger system without infringing the '475 patent.

23.     WhatsApp did not respond to TriPlay's April 13, 2013 letter.  WhatsApp has continued to use, practice, sell and/or offer to sell the WhatsApp Messenger system in the State of Delaware and elsewhere since receiving TriPlay's April 13, 2013 letter.

## CLAIM FOR RELIF

**Direct Patent Infringement of the '475 Patent (Pursuant to 35 U.S.C. § 271(a))**

24.     TriPlay repeats and realleges the allegations of paragraphs 1 to 23 of this complaint as if fully set forth herein.

25.      WhatsApp has directly infringed and is continuing to directly infringe at least Claims 1 and 12 of the '475 patent in the District of Delaware and elsewhere by making, using, selling, practicing, offering to selling and/or importing into the United States, without authority, methods, systems and/or services marketed under the name WhatsApp Messenger.

**Willful Infringement of the '475 Patent**

26.     TriPlay repeats and realleges the allegations of paragraphs 1 to 25 of this complaint as if fully set forth herein.

27.     WhatsApp's acts of infringement complained of herein are willful, intentional and in conscious disregard of TriPlay's rights under the '475 patent.

**Damages**

28.     TriPlay repeats and realleges the allegations of paragraphs 1 to 27 of this complaint as if fully set forth herein.

29.     As a result of WhatsApp's acts of infringement, TriPlay has suffered and will continue to suffer damages in an amount to be proved at trial.

30.     As a result of WhatsApp's acts for willful infringement, TriPlay is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

## DEMAND FOR JURY TRIAL

TriPlay requests a jury trial under Fed. R. Civ. P. 38 on all issues so triable.

*NJ 227799866v2*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment as follows:

1.      A judgment that WhatsApp has infringed the '475 patent in violation of 35 U.S.C. § 271(a).

2.      An order permanently enjoining and restraining WhatsApp, its officers, directors, agents, servants, employees and all other in active concert or participate with WhatsApp, from infringing the '475 patent.

3.      A judgment awarding TriPlay its damages, but not less than a reasonable royalty, resulting from WhatsApp's infringement.

4.      A judgment that WhatsApp's acts of infringement have been in willful, knowing and deliberate disregard of TriPlay's patent rights, awarding TriPlay enhanced damages pursuant to 35 U.S.C. § 284.

5.      A judgment awarding TriPlay its costs, disbursements, and attorneys' fees incurred in prosecuting this action pursuant to 35 U.S.C. §§ 284 and/or 285; and

6.      Such other relief as the Court may deem just, equitable, and proper.

GREENBERG TRAURIG, LLP

 /s/  Eve H. Ormerod
Gregory E. Stuhlman (#4765)
Eve H. Ormerod (#5369)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
stuhlmang@gtlaw.com
ormerode@gtlaw.com

Attorneys for Plaintiffs
TriPlay, Inc. and TriPlay, Ltd.

7

OF COUNSEL:

Michael A. Nicodema
Douglas R. Weider
Jason H. Kislin
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, NJ 07932
Tel:  (973) 360-7900


Dated: October 15, 2013

*NJ 227799866v2*