**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TRIPLAY, INC. <br><br> Plaintiff, <br><br> v. <br><br> WHATSAPP INC., <br><br> Defendant. | Civil Action No: 13-1703-LPS <br><br> JURY TRIAL DEMANDED |

**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff TriPlay, Inc., for its Second Amended Complaint against WhatsApp, Inc., states and alleges as follows:

**NATURE OF THE ACTION**

1. This is a cause of action for patent infringement brought by Plaintiff TriPlay, Inc. ("TriPlay, Inc." or "Plaintiff") against Defendant WhatsApp Inc. ("WhatsApp" or "Defendant") for WhatsApp's direct and willful infringement of U.S. Patent Nos. 8,332,475 ("the '475 patent") and direct infringement of the 8,874,677 ("the '677 patent") (collectively, "the TriPlay Patents"). Copies of the '475 patent and '677 patent are attached as Exhibits A and B to this complaint. TriPlay's bases for the allegations of direct infringement as to the '475 patent are set forth in the claim chart attached as Exhibit C to this complaint and its bases for the allegations of direct infringement as to the '677 patent are attached as Exhibit D to this complaint.

**THE PARTIES**

2. TriPlay, Inc. is a Delaware corporation having its principal place of business at 902 Broadway, Suite 1901, New York, NY 10010.

3. WhatsApp Inc. is a Delaware corporation with its principal place of business located at 3561 Homestead Road, #416, Santa Clara, CA 95010.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338(a), in that this action arises under the patent laws of the United States (35 U.S.C. §§ 1, *et seq.*)

5. This Court has personal jurisdiction over the Defendant because Defendant has availed itself of the rights and benefits of Delaware by incorporating under Delaware law and by virtue of its continuous and systematic contacts with Delaware in the normal course of its business.

6. Venue is proper in this District under 28 U.S.C. §§ 1391 (b), (c), and § 1400 (b).

## FACTUAL ALLEGATIONS

### Development Leading To The TriPlay Patents

7. TriPlay, Inc. and its wholly owned subsidiary, Triplay Communications Ltd.[1] (collectively, "Triplay") were formed in November 2004 for the express purpose of creating and developing a device agnostic content delivery technology that would enable users to communicate across devices (mobile or otherwise) regardless of the device manufacturer.

8. TriPlay recognized in November 2004 that user devices were limited by the fact that device manufacturers had different capabilities, formats and layouts to handle message content (*i.e.,* text, music, video, pictures, etc.). Accordingly, a mobile device user of one manufacturer's device may be able to take a picture or video but may not be able to communicate some or all of the message content to a mobile device user of a different

---

[1] The entity TriPlay Communications Ltd. was inadvertently misnamed TriPlay, Ltd. in the Complaint and in the First Amended Complaint filed in this action.

2

manufacturer's device.  TriPlay further anticipated that the problem would likely get worse rather than better as more manufactures entered the mobile device market.

9. With the above problem in mind, TriPlay initiated its efforts to create a web-based content delivery platform to deliver content between devices of different manufacturers irrespective of certain capability, format and layout differences that may exist between the sending and receiving devices.  In short, TriPlay sought to create a device agnostic content delivery system.

10. TriPlay's research and development was successful in conceiving and reducing to practice systems and methods for a device agnostic content delivery system.  TriPlay's inventions resulted in the filing of provisional applications filed in the U.S. on August 22, 2005 and on December 13, 2005, the filing of a PCT application on August 22, 2006, all of which ultimately resulted in the issuance of the TriPlay Patents.

11. TriPlay, Inc. is the owner of the TriPlay Patents, having acquired the TriPlay Patents from TriPlay Communications Ltd. pursuant to a Patent Purchase Agreement, dated January 30, 2015.  Prior to its acquisition of the TriPlay Patents, TriPlay was the exclusive licensee to the TriPlay Patents as a result of an assignment agreement from TriPlay Communications Ltd. to TriPlay, Inc., effective as of October 1, 2013.

**TriPlay's Ongoing Efforts Exploiting Its Patented Technology**

12. In or around 2006, TriPlay introduced its initial product based on the patented technology, which was called TriPlay messenger.  The product enabled device users to send text-based messages to other device users without incompatibility issues that would otherwise exist between the sending and receiving devices of different manufacturers.

13. Between 2007 and 2008, TriPlay expanded its platform to a product called TriPlay Suite, which enabled device users to send messages, photos, videos and music to other device users without the incompatibility issues that would otherwise exist between the sending and receiving devices of different manufacturers.

14. In 2009, TriPlay broke up the TriPlay Suite into three separate applications that remain the focus of TriPlay's current operations: TMusic, for sharing music; TBackpack, for sharing photos and videos between devices; and TConnect for messaging that include multi-media messages. All three of these products implement TriPlay's vision of agnostic delivery of content.

15. In 2011, TriPlay launched commercial visions of TMusic and TBackpack, which are branded mymusiccloud and mydigipak, respectively.

16. In short, TriPlay is actively exploiting its patented technology and continues to pursue its goal of providing consumers with device agnostic content delivery systems.

### WhatsApp's Infringement Of The TriPlay Patents

17. WhatsApp was founded in 2009.

18. In or about 2009, Whatsapp introduced its own cross-platform messaging product called WhatsApp Messenger. WhatsApp Messenger provides a device agnostic content delivery system that enables mobile device users of various manufacturers, including iPhone, BlackBerry, Android, Windows Phone and Nokia, to communicate with each other without regard to certain message handling differences between manufacturers with respect to capability, format and/or layout.

19. On July 26, 2012, WhatsApp filed U.S. Patent Application No. 12/559,558 titled Multimedia Transcoding Method And System For Mobile Devices ("WhatsApp's Patent

4


Application"), which sought to patent a device agnostic messaging system. Upon information and belief, the WhatsApp Messenger system is a commercial embodiment of the system described in the WhatsApp's Patent Application. The WhatsApp Patent Application was published on November 22, 2012.

20. WhatsApp uses, practices, sells and/or offers to sell in the State of Delaware and elsewhere methods and systems that infringe at least Claims 1 and 12 of the '475 patent and at least Claims 1, 6, 11 and 13 of the '677 patent in violation of 35 U.S.C. § 271. A detailed claim chart showing the factual basis for the allegation of infringement for the '475 patent is attached hereto as Exhibit C. A detailed claim chart showing the factual basis for the allegation of infringement for the '677 patent attached hereto as Exhibit D. With respect to these charts, Column I sets forth the claim language, Column II sets forth publically available information regarding the WhatsApp Messenger system including certain testing that was performed, and Column III charts the WhatsApp Patent Application against the claims, based upon information and belief, that the WhatsApp Messenger System is a commercial embodiment of the system described in the WhatsApp Patent Application.

21. On April 13, 2013, Shari Buber, Executive Vice President Business Development at Triplay Communications, Ltd. wrote to WhatsApp Inc. via overnight mail, certified mail and email. A copy of the letter is attached hereto as Exhibit E. To the extent WhatsApp was not previously aware of the '475 patent, the letter advised WhatsApp of the issuance of the '475 patent and provided a detailed claim chart showing that the WhatsApp Messenger systems practiced at least Claim 1 of the '475 patent. The letter offered to discuss licensing opportunities so that WhatsApp could continue selling or offering to sell the WhatsApp Messenger system without infringing the '475 patent.

22. WhatsApp did not respond to TriPlay's April 13, 2013 letter. WhatsApp has continued to use, practice, sell and/or offer to sell the WhatsApp Messenger system in the State of Delaware and elsewhere since receiving TriPlay's April 13, 2013 letter.

## CLAIM FOR RELIF

(COUNT I)

**Direct Patent Infringement of the '475 Patent (Pursuant to 35 U.S.C. § 271(a))**

23. Plaintiff repeats and realleges the allegations of paragraphs 1 to 22 of this Second Amended Complaint as if fully set forth herein.

24. WhatsApp has directly infringed and is continuing to directly infringe at least Claims 1 and 12 of the '475 patent in the District of Delaware and elsewhere by making, using, selling, practicing, offering to selling and/or importing into the United States, without authority, methods, systems and/or services marketed under the name WhatsApp Messenger.

(COUNT II)

**Direct Patent Infringement of the '677 Patent (Pursuant to 35 U.S.C. § 271(a))**

25. Plaintiff repeats and realleges the allegations of paragraphs 1 to 22 of this Second Amended Complaint as if fully set forth herein.

26. WhatsApp has directly infringed and is continuing to directly infringe at least Claims 1, 6, 11 and 13 of the '677 patent in the District of Delaware and elsewhere by making, using, selling, practicing, offering to selling and/or importing into the United States, without authority, methods, systems and/or services marketed under the name WhatsApp Messenger.

**Willful Infringement of the '475 Patent**

27. Plaintiff repeats and realleges the allegations of paragraphs 1 to 26 of this Second Amended Complaint as if fully set forth herein.

6

28. WhatsApp's acts of infringement complained of herein with respect to the '475 patent are willful, intentional and in conscious disregard of Plaintiff's rights under the '475 patent.

**Damages**

29. Plaintiff repeats and realleges the allegations of paragraphs 1 to 28 of this Second Amended Complaint as if fully set forth herein.

30. As a result of WhatsApp's acts of infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proved at trial.

31. As a result of WhatsApp's acts for willful infringement of the '475 patent, Plaintiff is entitled to enhanced damages pursuant to 35 U.S.C. § 284.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial under Fed. R. Civ. P. 38 on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment as follows:

1. A judgment that WhatsApp has infringed the '475 patent in violation of 35 U.S.C. § 271(a).

2. An order permanently enjoining and restraining WhatsApp, its officers, directors, agents, servants, employees and all other in active concert or participate with WhatsApp, from infringing the '475 patent.

3. A judgment that WhatsApp has infringed the '677 patent in violation of 35 U.S.C. § 271(a).

4. An order permanently enjoining and restraining WhatsApp, its officers, directors, agents, servants, employees and all others in active concert or participation with WhatsApp, from

7

infringing the '677 patent.

5. A judgment awarding Plaintiff its damages, but not less than a reasonable royalty, resulting from WhatsApp's infringement.

6. A judgment that WhatsApp's acts of infringement of the '475 patent has been in willful, knowing and deliberate disregard of Plaintiff's patent rights, awarding Plaintiff enhanced damages pursuant to 35 U.S.C. § 284.

7. A judgment awarding Plaintiff its costs, disbursements, and attorneys' fees incurred in prosecuting this action pursuant to 35 U.S.C. §§ 284 and/or 285; and

8. Such other relief as the Court may deem just, equitable, and proper.

GREENBERG TRAURIG, LLP

/s/ Eve H. Ormerod
Gregory E. Stuhlman (#4765)
Eve H. Ormerod (#5369)
1007 North Orange Street, Suite 1200
Wilmington, Delaware 19801
Telephone: (302) 661-7000
*stuhlmang@gtlaw.com*
*ormerode@gtlaw.com*

*Attorneys for Plaintiff TriPlay, Inc.*

OF COUNSEL:

Michael A. Nicodema
Douglas R. Weider
Jason H. Kislin
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, NJ 07932
Tel: (973) 360-7900

Dated: March 6, 2015