## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TRIPLAY, INC.,                           :

      Plaintiff,                      :

      v.                              :        C.A. No. 13-1703-LPS-CJB

WHATSAPP, INC.,                          :

      Defendant.                      :

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 40-page Report and Recommendation

("Report") (D.I. 108), dated June 30, 2016, recommending that the Court adopt certain claim

constructions for terms in U.S. Patent Nos. 8,332,475 ("'475 patent") and 8,874,677 ("'677

patent") (collectively, the "Triplay Patents");[1]

WHEREAS, on July 28, 2016, Defendant Whatsapp, Inc. ("Whatsapp") objected

("Whatsapp's Objections") (D.I. 112) to the Report's conclusion that the terms "access block"

and "media block" (collectively, the "block terms"), as used in the Triplay Patents, are not

indefinite under 35 U.S.C. § 112 ("§ 112");[2]

WHEREAS, on July 28, 2016, Plaintiff Triplay, Inc. ("Triplay") objected ("Triplay's

Objections") (D.I. 113) to the Report's recommended construction of the term "providing, by the

media block, a clickable icon;"

---

[1]Plaintiff filed copies of the Triplay Patents with its Second Amended Complaint. (D.I. 46 Exs. A, B)  The Triplay Patents share a substantially identical specification.

[2]The version of § 112 that applies to the Triplay Patents is the version that existed before passage of the Leahy-Smith America Invents Act.

WHEREAS, on August 15, 2016, Triplay responded (D.I. 115) to Whatsapp's Objections and Whatsapp responded (D.I. 116) to Triplay's Objections;

WHEREAS, the Court has considered the Report's claim constructions and indefiniteness determinations *de novo*, *see St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 691 F. Supp. 2d 538, 541-42 (D. Del. 2010); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has reviewed all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that, for the reasons set forth below:

1. Whatsapp's Objections (D.I. 112) are OVERRULED. Triplay's Objections (D.I. 113) are OVERRULED. Judge Burke's Report (D.I. 108) is ADOPTED in all respects, including the Report's recommended constructions for all of the disputed claim terms addressed therein.

**Whatsapp's Objections (D.I. 112)**

2. Whatsapp objects to the Report's conclusion that the block terms are not indefinite. "[A] patent is invalid for indefiniteness if its claims, read in light of the specification delineating the patent, and the prosecution history, fail to inform, with reasonable certainty, those skilled in the art about the scope of the invention." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014). The block terms are not indefinite because a person of ordinary skill in the art would understand the terms' meanings with reasonable certainty.

3. Whatsapp argues that the block terms must be construed as means-plus-function terms under § 112, ¶ 6. (D.I. 112 at 3) Section 112, ¶ 6 states:

> An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such

2

> claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

In a patent claim, "failure to use the word 'means' . . . creates a rebuttable presumption . . . that § 112, ¶ 6 does not apply." *Id.* The relevant claims of the Triplay Patents do not use the word "means." ('475 patent at 23:5-34 (claim 1); '677 patent at 24:6-32, 37-49 (claim 9); D.I. 84 at 2 (parties stipulating that claim 1 of '475 patent and claim 9 of '677 patent are representative claims)) Therefore, there is a rebuttable presumption that § 112, ¶ 6 does not apply.

  4.  However, the presumption that § 112, ¶ 6 does not apply "can be overcome and § 112, ¶ 6 will apply" if Whatsapp demonstrates that a claim term "fails to 'recite sufficiently definite structure' or else recites 'function without reciting sufficient structure for performing that function.'" *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1349 (Fed. Cir. 2015) (en banc) (quoting *Watts v. XL Sys., Inc.*, 232 F.3d 877, 880 (Fed. Cir. 2000)). Whatsapp "bears the burden of overcoming the presumption that § 112, ¶ 6 does not apply by a preponderance of the evidence." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1298 (Fed. Cir. 2014), *overruled on other grounds by Williamson*, 792 F.3d at 1339. The Court must "consider the specification (among other evidence)" in determining whether § 112, ¶ 6 applies to the block terms. *Apple*, 757 F.3d at 1296.

  5.  Whatsapp argues that the block terms are "indistinguishable from the empty, functional terms that the Federal Circuit found subject to § 112, ¶ 6 in *Williamson*" and *Media Rights Technologies, Inc. v. Capital One Financial Corp.*, 800 F.3d 1366 (Fed. Cir. 2015). (D.I. 112 at 3) The Court disagrees. In *Williamson*, the Federal Circuit held that the "presumption against means-plus-function claiming" was rebutted with respect to the term "distributed learning

control module" because, *inter alia*, the term failed to "recite sufficiently definite structure" and "the written description fail[ed] to impart **any** structural significance to the term." *Id*. at 1351 (emphasis added). As explained in detail in the Report, the specifications of the Triplay Patents include significantly more detail defining the block terms at issue in this case than the specification of the patent-in-suit in *Williamson* contained with respect to the claim term at issue there. (D.I. 108 at 12-13, 16-17, 21-25 (citing, e.g., Fig. 2 and accompanying description with respect to "access block" and Fig. 5 and accompanying description with respect to "media block")) Thus, *Williamson* is distinguishable from the instant case.

6. In *Media Rights*, the Federal Circuit construed the term "compliance mechanism" as invoking § 112, ¶ 6 because, *inter alia*, the claims at issue did not use the term "as a substitute for an electrical circuit, or anything else that might connote a definite structure," and because "[t]he written description only depicts and describes how what is referred to as the 'copyright compliance mechanism' is connected to various parts of the system, how the 'copyright compliance mechanism' functions, and the potential – though not mandatory – functional components of the 'copyright compliance mechanism.'" 800 F.3d at 1372. "[T]he structure for computer-implemented functions," such as the functionality associated with the block terms, "must be an algorithm." *Id*. at 1370. Unlike the patent at issue in *Media Rights*, which failed to describe important aspects of the "operative algorithm" associated with the "compliance mechanism" involved there, the Triplay Patents disclose adequate structure to define the block terms by describing the internal components and operative algorithms associated with the terms, as explained in the Report. (D.I. 108 at 16-17, 24; *Media Rights*, 800 F.3d at 1374-75) In addition, unlike the "potential" components associated with the "compliance mechanism"

<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>
<mark>
</mark>

discussed in *Media Rights*, the internal components of the access and media blocks are **required** and are clearly defined in the specifications, as discussed in detail in the Report. (*See generally* D.I. 108 at 8-26)

      7.    Whatsapp contends that § 112, ¶ 6 applies to the block terms because they are described in the specifications of the Triplay Patents in "purely functional terms." (D.I. 112 at 4-5) However, as noted above, the "structure" associated with the computer-implemented block terms is algorithmic and is necessarily "functional" in nature. As the Federal Circuit explained in *Apple*, 757 F.3d at 1298:

> "Structure" to a person of ordinary skill in the art of computer-implemented inventions may differ from more traditional, mechanical structure. For example, looking for traditional "physical structure" in a computer software claim is fruitless because software does not contain physical structures. Indeed, the typical physical structure that implements software, a computer, cannot be relied upon to provide sufficiently definite structure for a software claim lacking "means." Rather, to one of skill in the art, the "structure" of computer software is understood through, for example, an outline of an algorithm, a flowchart, or a specific set of instructions or rules.

Triplay submitted expert testimony from Dr. Rajeev Surati in support of its position that a person of ordinary skill in the art would understand, with reasonable certainty, the scope of the algorithmic "structure" invoked by the block terms. (*See* D.I. 102 ¶¶ 19-28) (Dr. Surati explaining that claim language and specification of '475 patent are sufficient to "convey structure to a person of ordinary skill in the art") Whatsapp did not submit expert testimony to rebut Dr. Surati's opinions. (*See* D.I. 108 at 17, 25) The Court finds in Dr. Surati's opinions additional support for its conclusion that a person of ordinary skill in the art would understand, with reasonable certainty, how to implement the functionality associated with the block terms. The

fact that the Triplay Patents describe structure associated with the block terms using functional language does not, by itself, mean that the terms are indefinite.[3]

8.  Whatsapp further argues that § 112, ¶ 6 applies because the block terms, standing alone, have "no known meaning" to persons of ordinary skill in the art. (*See* D.I. 112 at 6) While this may be true if the terms are considered in isolation and wholly apart from the intrinsic record, the terms *are* adequately described *in the context of the patents' specifications*, as discussed above and in the Report. "[W]hether [a] claim term was 'defined in the specification' is a relevant consideration for determining the applicability of § 112, ¶ 6 to claim language that does not contain the word 'means.'" *St. Jude Med. v. Volcano Corp.*, 2014 WL 1619157, at *4 (D. Del. Apr. 22, 2014) (quoting *Mass. Inst. of Tech. & Elecs. For Imaging, Inc. v. Abacus Software*, 462 F.3d 1344, 1354 (Fed. Cir. 2006)). Like the terms at issue in *St. Jude*, the block terms are each implemented using a "computer program or computer software" and are adequately defined by specific algorithms disclosed in the intrinsic record, such that they avoid invocation of § 112, ¶ 6. *See St. Jude*, 2014 WL 1619157, at *4.

9.  Whatsapp contends that "[e]ven if the 'block' claims are not subject to § 112, ¶ 6, they are still indefinite under § 112, ¶ 2 ... because the claims use purely functional language." (D.I. 112 at 9) The Court disagrees. "Claims are not per se indefinite merely because they contain functional language." *Cox Commc'ns, Inc. v. Sprint Commc'n Co.*, 2016 WL 5335038,

---

[3]Whatsapp relatedly argues that the Triplay Patents do not adequately describe *how* the functions associated with the block terms are achieved. (D.I. 112 at 7) The Court disagrees. It is not necessary to explicate every minor implementation detail or provide source code in order for terms to be adequately described such that they do not invoke § 112, ¶ 6. It is enough that algorithms associated with the block terms are described in definite terms in the Triplay Patents and could be implemented by a person of ordinary skill in the art.

at *5 (Fed. Cir. Sept. 23, 2016); *see also Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1255 (Fed. Cir. 2008) ("[A]pparatus claims are not necessarily indefinite for using functional language"). In fact, the functional language describing the operation of the block terms "promotes definiteness because it helps bound the scope of the claims by specifying the operations that the [block terms] must undertake." *Cox*, 2016 WL 5335038, at *5. For the reasons above, and in the Report, the block terms are not indefinite under § 112.

**Triplay's Objections (D.I. 113)**

10.    Triplay objects to the Report's construction of the term "providing, by the media block, a clickable icon" ("providing term").[4] (D.I. 113 at 1) Specifically, Triplay raises two objections: (1) the phrase "clickable icon" should be limited to a "link" rather than a "visual representation that is clickable," contrary to the construction recommended in the Report, and (2) the Report erred in declining to construe the larger phrase "providing . . . a clickable icon." (D.I. 113 at 6, 9) Faulting the Court for rejecting Triplay's request to limit the scope of the providing term to particular embodiments disclosed in the specification, Triplay characterizes the Report as "reflect[ing] an undue reliance on claim language" and wrongly following the "overly formalistic approach taken" by the Federal Circuit in *Thorner v. Sony Computer Entertainment America LLC*, 669 F.3d 1362, 1366 (Fed. Cir. 2012). (D.I. 113 at 3, 10) The Court disagrees.

11.    As argued by Whatsapp, "terms must be given their plain and ordinary meaning unless the intrinsic record clearly shows that the patentee either redefined the term or disavowed its full scope." (D.I. 116 at 1) (citing *Unwired Planet, LLC v. Apple Inc.*, 2016 WL 3947839, at *3 (Fed. Cir. July 22, 2016)) The Court agrees with the Report's construction of "clickable icon"

---

[4]This term appears only in the '677 patent.

as a "visual representation that is clickable;" "icon" has a plain and ordinary meaning that is accurately conveyed by the Report's construction. Similarly, as determined by the Report, the word "providing" requires no construction (*see* D.I. 108 at 36-37), because it has a plain and ordinary meaning that is readily understood. There is no clear indication in the intrinsic record that the disputed term should take on any other meaning in the context of the Triplay Patents. While Triplay is correct that a "specification *can* – without an express disavowal – direct a person of ordinary skill in the art to a narrower construction than the words [of a claim] would suggest" (D.I. 113 at 2) (emphasis added), through (for example) an implicit disclaimer, the specifications here do not do so.[5] Instead, the Report correctly construed the providing term.

12. Given the detailed reasoning in the Report, it is unnecessary to address the parties' objections any further.

November 15, 2016　　　　　　　　　　　　　　　HON. LEONARD P. STARK
Wilmington, Delaware　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[5]*See generally Trustees of Columbia Univ. v. Symantec Corp.*, 811 F.3d 1359, 1364 (Fed. Cir. 2016) ("[T]he specification may define claim terms by implication such that the meaning may be found in or ascertained by a reading of the patent documents.") (internal quotation marks omitted); *Computer Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1374 (Fed. Cir. 2008) ("Occasionally specification explanations may lead one of ordinary skill to interpret a claim more narrowly than its plain meaning suggests.").