IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRIPLAY, INC. and TRIPLAY, LTD., | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 13-1703-LPS-CJB |
| WHATSAPP INC., | : | |
| Defendant. | : | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff TriPlay, Inc.'s ("TriPlay") motion for reconsideration of the Court's March 27, 2018 Order (D.I. 162) ("Order"), in which the Court rejected Magistrate Judge Burke's Report and Recommendation (D.I. 145) and granted Defendant WhatsApp Inc.'s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (D.I. 120), finding the asserted patents failed to claim patent eligible subject matter under 35 U.S.C. § 101. Having reviewed the parties' submissions (D.I. 165, 166, 169), and for the reasons stated below, IT IS HEREBY ORDERED that TriPlay's motion for reconsideration (D.I. 165) is DENIED.

1. Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the Court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension.

1

*See Schering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

2. The Court found the asserted patent claims ineligible under § 101 because the claims, specification, and complaint were "silent as to what the specific claimed improvement is, how it differs from the prior art, or how any inventive feature, alone or as an ordered combination, is used in an unconventional manner." (D.I. 161 at 15; *see also id.* at 18-19 ("Neither the claims nor the specification explain what is inventive about the templates or the identifier, alone or in combination with other steps of the claims."); *id.* at 22 ("Absent from the claims, specification, and the pleadings is any insight into how the claimed video delivery/clickable icon feature is achieved.")) In addition, "[g]iven the substantial failings of the intrinsic evidence," the Court found any amendment to TriPlay's Third Amended Complaint ("TAC") would be futile. (*Id.* at 16 n.3)

3. TriPlay seeks reconsideration only of the Court's finding that TriPlay should not be permitted leave to file a Fourth Amended Complaint ("FAC"). (D.I. 166 at 1) According to TriPlay, while it has amended its initial complaint three times, it has "never sought leave to amend its complaint to allege facts pertinent to patent eligibility." (*Id.* at 2) TriPlay contends the

proposed FAC would not be futile because the Court had not received any briefing on the issue of amendment before it decided WhatsApp's motion and the proposed FAC provides factual allegations that fill in the gaps left by the claims and specification. (*Id.* at 1-2)

4. The Court disagrees. Even assuming the FAC would fill gaps left by the claims and specification, TriPlay's amended pleadings cannot (and do not) replace what is lacking in the intrinsic record. *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1369-70 (Fed. Cir. 2018) (finding inventive concept must be "captured" in claims); *RecogniCorp, LLC v. Nintendo Co.*, 855 F.3d 1322, 1327 (Fed. Cir. 2017) ("To save a patent at step two, an inventive concept must be evident in the claims."); *Two-Way Media Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1338-39 (Fed. Cir. 2017) ("[T]he *claim* – as opposed to something purportedly described in the specification – is missing an inventive concept."). TriPlay's FAC, therefore, would be futile and, thus, would not alter the Court's Order.

5. Moreover, even accepting TriPlay's plausible allegations in the FAC as true, they fail to address the claims' shortcomings with concrete allegations, instead broadly alleging that template-based and video-delivery messaging are novel concepts incorporated in the claims that "solve[] inefficiencies in prior art systems." (D.I. 165 Ex. 2 ¶¶ 24, 34, 57; *see also, e.g., id.* ¶¶ 31-33, 53, 59) Unlike *Aatrix*, where the Federal Circuit ordered allowance of a proposed amended pleading because the proper construction of the claims was still at issue and the amended pleadings included concrete allegations surrounding the inventive concept, the claims here have already been construed and TriPlay's proposed FAC fails to describe how the alleged inventive concepts are actually implemented or captured in the claims. *See Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1125-26, 1128 (Fed. Cir. 2018). In sum,

TriPlay's proposed FAC does not create any factual questions underlying patent *eligibility*, especially given the Court's finding that the claims and specification are silent as to any inventive concept (a finding for which TriPlay does not seek reconsideration). As the Court originally held, "[g]iven the substantial failings of this intrinsic evidence, it would be futile to provide TriPlay an opportunity yet again to amend its complaint." (D.I. 161 at 16 n.3)

6. Accordingly, TriPlay has failed to show that reconsideration is warranted.

July 24, 2018
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE